*Doe on dem.* ISAIAH MODE *v.* A. M. LONG.

Where one or two coteminous proprietors of land cleared and fenced up to a line of marked trees, believing that to be the dividing line, whereas it was at some points as much as twenty-five yards over upon his neighbor's land : *Held,* that such act constituted an open and notorious adverse possession up to the marked line, and rendered a deed made by the neighbor during such possession, for that part, void. (*Gilchrist* v. *McLaughlin,* 7 Ire. 310, distinguished and approved.

EJECTMENT, tried before *Henry, J.,* at Spring Term 1870 ·of RUTHERFORD Court.

The question was as to the true boundary line between the lands of the plaintiff and defendant, and also as to the effect of a possession by the latter under the circumstances given below.

The defendant was in possession of a part of the land known as " the Smart Grant," and the plaintiff owned a tract adjoining that grant, and calling for the line of that grant as its western boundary. In the grant that line was straight; from *A. to B.,* in the plat furnished on the trial. For sixty or more years, however, a line of marked trees, varying at some points by twenty-five yards to the east of the straight line, had been supposed to be the true line. In 1844 the

defendant had cleared and enclosed a field up to the line of marked trees, and remained in possession to the beginning of this action (1863.)    In 1852 the plaintiff had taken his deed for the land adjoining.

For the defendant it was insisted that the line of marked trees was the true boundary ; or, at all events, that the deed taken in 1852 by the plaintiff was void as to all land upon the west of the marked trees, so much thereof having then been in the adverse possession of the defendant.

Under the instructions of his Honor there was a verdict for the plaintiff; and the defendant appealed.

*Battle & Sons*, for the appellant, cited *Saffret* v. *Hart*, 5 Jon. 185, and distinguished the present from the case of *Gilchrist* v. *McLaughlin*, 7 Ire. 310.

*Bynum and Hoke, contra*, upon the first point cited *Carraway* v. *Clancy*, 6 Jon. 361 ; and, upon the second, 2 Sm. Lead. Cas. 561 ; *Gilchrist* v. *McLaughlin*, 7 Ire. 310 ; *Bynum* v. *Carter*, 4 Ire. 310 ; *Green* v. *Harman*, 4 Dev. 158.

PEARSON, C. J.   His Honor charged, in substance, that the corners at A and B being fixed, the true line was a straight one between these points, as contended for by the plaintiff, and not "the line of marked trees," as contended for by the defendant, such line of marked trees not being called for in the deed.   Assume this to be so.   His Honor further charged, in substance, that the fact of defendants having cleared and fenced in the land up to the line of marked trees, claiming that to be true line, did not have the effect of rendering the plaintiff's deed, executed while the defendant was occupying, inoperative as to the part occupied : for the possession was not adverse, inasmuch as it was taken supposing the marked trees to be the true line, which turned out to be a mistake.   There is error.

He ought to have charged, that the fact of the defendant's clearing and fencing up to the marked trees, claiming that to be the true dividing line, amounted to taking an open, notorious *adverse* possession; for it made him a trespasser, and exposed him to an action, notwithstanding it turned out that he was laboring under a mistake; and the effect of this possession, although it did not extend the defendant's "paper title" beyond the true line, was to create an adverse holding, so as to make the plaintiff's deed void in respect to it, on the ground that he must have known that he was "buying a law-suit," which the law forbids.

The present action rests on the ground that the defendant was in adverse possession of the *locus in quo;* for if the possession was permissive, the action cannot be maintained. So, the plaintiff, taking either horn of the dilemma, must go out of Court. We presume his Honor fell into error by not adverting to the difference between our case and *Gilchrist* v. *McLaughlin*, 7 Ire. 310. There the defendant, after the trial of an action in which the true line was determined, and intending to set his fence back to that line, by mistake put one or two corners of the fence across the line, so as to include a small portion of land on the west side. The Court held that this was not an open, notorious and adverse possession, so as to give the defendant a claim on the west side of the line, his intention being to pursue that line and to put his fence on the east side of it; and the small encroachment was to be attributed to mistake, and not to design, and might be deemed permissive; but, at all events, such permission did not have the requisite notoriety to be allowed to affect the question of title.

In our case, clearing and fencing a field up to a line of marked trees, was certainly an open and notorious act, and the mistake was not in attempting to set a fence with a line, but in asserting another and a different line to be the true

one, and making it necessary to have a law suit in order to show the mistake, and establish the true line. Here, the mistake was in regard to which of two lines was the true line of "Smart's grant," called for in the deeds of both parties; that depended on a *question of law.* There, the mistake was in not running the worm of a fence exactly with a straight line; a mistake as to matter of fact, from inadvertence, and with no intention to assert a claim. So note the diversity.

Error.

PER CURIAM.              *Venire de novo.*