Den on demise of McWM. YOUNG, Adm'r. *v.* JOHN O. GRIFFITH and another.

On the trial of an action of ejectment, evidence that at the time the land in dispute was conveyed to the lessor of the plaintiff, the defendants were in possession, claiming the same adversely, is admissible, and its exclusion by the Court is error.

(*Mercer* v. *Halstead*, Busb. 311; *Mode* v *Long*, 64 N. C. Rep. 433, cited and approved.)

This was an action of EJECTMENT, brought by the lessor of the plaintiff against one David Wilson to Spring Term, 1861, of Yancey Superior Court, for certain lands situate in said county, from whence it was removed to the Superior Court of MADISON county in which it was tried before *Henry, J.* at Spring Term, 1874.

The case is brought t/ this Court upon the appeal of the

defendants, who are admitted to defend as landlords, upon the ground that his Honor on the trial below, excluded certain evidence offered by them, the same be objected to by the plaintiff. This Court in its decision, considered only one of the objections, the facts concerning which are stated in the case agreed as follows : The defendants offered to prove, that at the time the plaintiff took a deed for the land, the subject of this controversy, from J. R. Love and the executor of Robert Love, they, the defendants were in actual possession of the same, under a purchase at the sale of the Clerk and Master, holding said land adversely ; alleging that their adverse possession rendered the plaintiff's title void. His Honor being of opinion that it was not such a possession of defendants as would make void the deed of the plaintiff, sustained the objection to the evidence and ruled it out. Defendants excepted and appealed.

No counsel for appellants in this Court.
*McCorkle & Bailey,* contra.

Bynum, J. This is an action of ejectment, under the old system, and is to be decided by the principles of law, unaffected by equity.

The defendants offered to prove, that at the time J. R. Love and the executors of Robert Love, conveyed the lands in dispute, to the lessor of the plaintiff, to-wit, on the 1st day of June, 1859, they, the defendants, were in the possession of the lands described in the declaration, claiming the same adversely, under their purchase at the sale by the Clerk and Master, on the 20th July, 1857. The evidence was objected to by the plaintiffs and excluded by the Court. There is error.

It is settled, that if at the time the lessor of the plaintiff, purchased and took his conveyance, the defendant was in possession, claiming adversely, the lessor cannot recover, for he had but a right of entry which he could not convey so as to enable his assignee to sue in his own name. *Mercer* v. *Hal-*

*stead,* Busb. 311. And the case is not altered by the fact that the defendant was not a purchaser, for it is the adverse possession, whether under color of title or not, that defeats the power of alienation.

In *Mode* v. *Long,* 64 N. C. 433, one cleared and fenced up to a line of marked trees, believing it to be the dividing line between him and his neighbor, whereas it was twenty-five yards or more upon his neighbor's land; it was there held, that such an act constituted an open and notorious adverse possession, up to the marked line, and that a deed for that part, made by the neighber, during such possession, was void.

The evidence proposed by the defendants, was therefore, material to their defence, and should have been admitted.

If this defence were out of the way, as the case now appears, the lessors of the plaintiff, having the older legal title to the interest of J. R. Love, would be entitled to recover the one-half of the lands sued for. It can scarcely be pretended that the deed executed by the executors, passed the title of the heirs of Robert Love We however, make no decision upon these points, as the case is so defective in distinctness and precision in the statement of facts, that a satisfactory judgment, could not now be rendered. For instance, the " case " states that the decree of sale, under which the defendants purchased, was made in a suit between the heirs of Robert Love, whereas the deed of the Clerk and Master, recites a sale of the " unsold lands of Robert and J. R. Love." The title to one-half of the land in dispute, may turn on whether the fact be one way or the other.

Per Curiam.      Judgment reversed.      *Venire de novo.*